**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TERRY L. SANDERS,**

        **Plaintiff,**

-vs-                                        **Case No. 6:05-cv-1903-Orl-28KRS**

**J.R. LONG, BRYAN BOULDER,**
**HEATHER BOULDER, VALERIE**
**STUMPH/SANDERS,**

        **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the Motion for Leave to Proceed in Forma Pauperis (Doc. No. 2) and the Motion for Leave to File at a Later Time (Doc. No. 4).

On December 23, 2005, Terry L. Sanders, a prisoner appearing *pro se*, filed a complaint against J.R. Long, Bryan Boulder, Heather Boulder and Valerie Stumph/Sanders (collectively "the defendants"), doc. no. 1, along with a motion for leave to proceed *in forma pauperis*, doc. no. 2. He also filed a motion for leave to amend his complaint upon ascertaining the address of Long. Doc. No. 4. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Sanders's complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07.

**I.      STANDARD OF REVIEW**

The Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B). *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003) Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

**II.     ANALYSIS**

In his Complaint, Sanders asserts that Long ran criminal history inquiries on him and disclosed the results of those inquiries to the other defendants. Doc. No. 1. Thereafter, the other defendants are alleged to have run credit checks on Sanders, the results of which were used in divorce and bankruptcy proceedings. *Id*. Sanders also asserts that the defendants slandered him. *Id*.

From the Complaint and exhibits attached thereto, I am unable to ascertain what constitutional or statutory provision Sanders believes Long violated. Other than the allegation of slander, for which there are no supporting factual allegations, I am unclear what the other defendants are alleged to have done wrong.

As such, I respectfully recommend that the case be dismissed without prejudice, and that the motion for leave to proceed *in forma pauperis* be denied as moot. Because a dismissal without prejudice would permit Sanders to amend the complaint, the motion for leave to amend as to Long's address should be denied as moot.

Should Sanders choose to file an amended complaint, he must follow the pleading requirements of this Court. What follows is a brief description of federal court jurisdiction and what must be included in any future complaints filed by Sanders in this Court.

In order to state a claim that is cognizable in federal court, Sanders must state a claim, based on fact and law, which falls under the federal court's jurisdiction. In the federal courts, there are two basic kinds of civil controversies over which the federal judiciary has jurisdiction. The most common type of civil claim that falls under the federal court's jurisdiction is a claim that involves a federal question. 28 U.S.C. § 1331.

To state a claim based on a federal question, Sanders must include in his complaint a description of actions taken by the defendant, which involve a violation of the "Constitution, laws, or treaties of the United States." *Id.* Sanders must identify the specific provision of the Constitution, federal law, or treaty that was violated. He must then explain the actions taken by the defendant, which violated the cited provision, and describe how he was harmed by the defendant's actions.

Sanders must also identify the defendant with reasonable specificity by providing the defendant's complete name and address.

The second most common type of civil claim that falls under the federal court's jurisdiction is a claim based on diversity jurisdiction. 28 U.S.C. § 1332. A claim falls under the federal court's diversity jurisdiction if it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and involves citizens from different states. *Id.* These claims are not based on a violation of federal law, but are typically based on a violation of state law. To state a claim under diversity jurisdiction properly, it is absolutely necessary that the plaintiff be from a different state than the defendant. If there is more than one defendant, then the plaintiff must be from a different state than each of the defendants. *Las Vistas Villas, S.A. v. Petersen*, 778 F. Supp. 1202, 1203 (M.D. Fla. 1991).

If Sanders chooses to file a claim in this Court based on diversity jurisdiction, he must properly identify each defendant and the state in which the defendant is a citizen. He should include the defendant's complete name and address. If the defendant is a corporation, then Sanders should consider that a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Vareka Invs., N.V. v. American Inv. Props., Inc.*, 724 F.2d 907, 909 (11th Cir.1984)(quoting 28 U.S.C. § 1332(c)(1)). As with any claim, Sanders must state in his complaint the facts upon which he believes each defendant violated a law and how the violation harmed him. Sanders should also identify the specific law that was violated.

### III. RECOMMENDATION

For the foregoing reasons, I respectfully recommend that the case be dismissed without prejudice, and that the motion for leave to proceed *in forma pauperis* (doc. no. 2) and the motion for

leave to amend at a later time (doc. no. 4) be denied as moot.  I further recommend that the Court give Sanders a specific period of time within which he may file an amended complaint.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 6, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy